UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael R. Plasa,

    Petitioner,

v.

Steve Kallis,[1]

    Respondent.

Civ. No. 21–933 (NEB/BRT)

**REPORT AND RECOMMENDATION**

Michael R. Plasa, *pro se* Petitioner.

Adam J. Hoskins, Esq., United States Attorney's Office, counsel for Respondent.

BECKY R. THORSON, United States Magistrate Judge.

    This matter is before the Court on Michael R. Plasa's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 1, Pet.) Plasa filed his Petition in the United States District Court for the Northern District of Iowa, but it was transferred to this District because Plasa is presently confined at Federal Medical Center – Rochester. (Doc. No. 2.) Plasa challenges the calculation of good time credits towards his sentence. (Pet. at 6, 7.) The parties have fully briefed the matter (Doc Nos. 6, 7, 9, 10) and it is ripe for decision. For the following reasons, this Court recommends the Petition be denied.

---

[1]    Both parties agree that Steve Kallis, warden of Federal Medical Center – Rochester, is the proper Respondent. (Doc. No. 6 at 1 n.1; Doc. No. 9 at 1.)

I. **Background**

Plasa was sentenced by the United States District Court for the Northern District of Iowa on June 12, 2007, to 188 months' imprisonment and a five-year term of supervised release following his guilty plea to: (1) Conspiracy to Distribute 1,000 Kilograms or More of Marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and (2) Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h). *United States v. Plasa*, No. CR 06-136-2-LRR (Doc. Nos. 65 (minute entry), 66 (Judgment in a Criminal Case)[2]; (Decl. of Kneyse Martin ¶ 5, Doc. No. 7).[3] Plasa's sentence was reduced to 151 months' imprisonment on April 17, 2015. *United States v. Plasa*, No. CR 06-136-2-LRR (Doc. No. 123) (Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2))[4]; (Martin Decl. ¶ 6). Plasa was released on November 23, 2016, via an early release for successfully completing the BOP's Residential Drug Abuse Program. (Martin Decl. ¶ 7; Martin Decl. Ex. D at 3, Doc. No. 7-4.)

---

[2]   Also available at Martin Decl. Ex. B, Doc. No. 7-2.

[3]   Plasa asserts that a typo in Ms. Martin's declaration renders it unreliable wherein she states: "I have reviewed the sentence computation for inmate *Beal*, and in doing so have reviewed all pertinent Bureau [of Prisons] records." (Martin. Decl. ¶ 2 (emphasis added); *see also* Doc. No. 10.) The Martin Declaration points the Court to easily verifiable Court and BOP records that clearly describe Plasa's sentence and probation violations. The Court has used the electronic docket from the United States District Court for the Northern District of Iowa to retrieve these documents. Ms. Martin's typo does not raise any questions as to the authenticity of the documents or information therein.

[4]   Also available at Martin Decl. Ex. C, Doc. No. 7-3.

Plasa was arrested on June 20, 2019, for supervised release violations. (Martin Decl. ¶ 8; Martin Decl. Ex. E, Doc. No. 7-5.) The court sentenced Plasa to a three-month term of imprisonment and a two-year term of supervised release for the violations. *United States v. Plasa*, No. CR 06-136-2-LRR (Doc. No. 145) (Judgment in a Criminal Case)[5]; (Martin Decl. ¶ 8). Plasa was released from this term of imprisonment on September 19, 2019. (Martin Decl. ¶ 9; Martin Decl. Ex. H at 2, Doc. No. 7-8.)

Plasa was arrested again on October 13, 2020, for supervised release violations. (Martin Decl. ¶ 10; Martin Decl. Ex. F at 2, Doc. No. 7-6.) For these violations, Plasa was sentenced to nine-months' imprisonment. *United States v. Plasa*, No. CR 06-136-2-LRR (Doc. No. 170) (Judgment in a Criminal Case)[6]; (Martin Decl. ¶ 11). With 16 days of credit for time spent in detention between October 13 and 28 while his supervised release violations were pending, Plasa has a projected release date of July 21, 2021. (Martin Decl. ¶ 11; Martin Decl. Ex. A at 1, Doc. No. 7-1.)

Plasa seeks federal habeas relief. He argues that with the passage of the First Step Act and the change to the BOP's calculation of good conduct credits, he is owed 88 days from his original sentence to be applied to his current supervised release violation sentence. The Government opposes.

---

[5]   Also available at Martin Decl. Ex. G, Doc. No. 7-7.

[6]   Also available at Martin Decl. Ex. J Doc. No. 7-10.

II. Analysis

The First Step Act alters the method of calculating good-conduct time under 18 U.S.C. § 3624(b). Under the previous method, a prisoner could earn up to 47 days of good-conduct time for each year of imprisonment. *See Barber v. Thomas*, 560 U.S. 474, 479 (2010). Under the 2018 amendment, a prisoner may now earn up to 54 days of good-conduct time for each year of imprisonment. Pub. L. No. 115-391, 132 Stat. 5194, 5210 (2018).

Plasa is "correct that, in some sense, his revocation sentence is united with his original sentence." *Parks v. Quay*, No. 1:20-cv-437, 2020 WL 2525957, at *2 (M.D. Pa. May 18, 2020) (citing *Johnson v. United States*, 529 U.S. 694, 701 (2001), and *United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006)). But while "[s]upervised release is imposed as part of the original sentence, . . . the imprisonment that ensues from revocation is partly based on new conduct, is wholly derived from a different source, and has different objectives altogether; it is therefore a different beast." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). Thus, "a revocation sentence is separate and distinct from the original underlying sentence for purposes of calculating good-conduct time." *Kieffer v. Rios*, No. 19-cv-0899 (PJS/SER), 2019 WL 3986260, at *1 (D. Minn. Aug. 23, 2019), *aff'd by* 2019 WL 8194484, at *1 (8th Cir. Oct. 2, 2019). "[F]ederal courts have 'flatly rejected' attempts by prisoners serving revocation sentences to mine their completed underlying sentences for additional good-conduct time." *Kidd v. Fikes*, No. 20-cv-287 (SRN/TNL), 2020 WL 7210025, at *3 (D. Minn. Aug. 17, 2020) (quoting

4

*Parks*, 2020 WL 2525957, at *2), *report and recommendation adopted by* 2020 WL 7166239 (D. Minn. Dec. 7, 2020).

Plasa completed his 151-month sentence stemming from his conviction. Thereafter, Plasa completed the 3-month sentence imposed as a result of supervised release violations. Plasa is now serving 9 months' imprisonment due to yet another batch of supervised release violations. Plasa's present term of imprisonment is legally distinct from his previous incarcerations, and he cannot reach back to his completed sentences to gather good conduct credits for his current supervised release violation sentence. Plasa's Petition should be denied.

## RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plasa's Petition for a Writ of Habeas Corpus (**Doc. No. 1**) be **DENIED** and this action be **DISMISSED WITH PREJUDICE**.

Date:  May 19, 2021

                                              *s/ Becky R. Thorson*
                                              BECKY R. THORSON
                                              United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Pursuant to Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen (14) days**. A party may respond to those objections within **fourteen (14) days** after service thereof. All objections and responses must comply with the word or line limits set forth in LR 72.2(c).