UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL R. PLASA, | Case No. 21-CV-933 (NEB/BRT) |
| Petitioner, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| STEVE KALLIS,[1] | |
| Respondent. | |

Michael R. Plasa, an inmate at Federal Medical Center–Rochester currently serving a nine-month term of imprisonment for supervised release violations, filed a Petition for Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) In the Petition, Plasa seeks an order from the Court directing the Federal Bureau of Prisons ("BOP") to reduce his sentence by 88 days, based on good conduct time ("GCT") credits he earned while serving his pre-supervision sentence. (Pet. at 6–8.) In a May 19, 2021 Report and Recommendation, United States Magistrate Judge Becky R. Thorson recommends denying and dismissing the Petition. (ECF No. 11 ("R&R") at 5.) Plasa objected. (ECF No. 12 ("Obj.").) For the following reasons, the Court overrules Plasa's objection, accepts the R&R, and dismisses the Petition.

---

[1] The parties agree that Steve Kallis, warden of Federal Medical Center–Rochester, where Plasa is currently incarcerated, is the sole proper respondent in this action. (ECF No. 6 at 1 n.1; ECF No. 9 at 1.)

# ANALYSIS

The R&R comprehensively presents the facts of the case and the Court incorporates those facts by reference. (R&R at 2–3.) The Court reviews the portions of the R&R to which Plasa objects *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). It reviews the remaining portions of the R&R for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Because Plasa is proceeding *pro se*, the Court construes his objection liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plasa raises six specific objections.

*First Objection*. Plasa's first objection is that the R&R incorrectly characterizes his request in the Petition; in Plasa's view, the R&R incorrectly states that he is challenging the calculation, rather than the application, of his GCT credits. (Obj. at 2–3.) Regardless of the wording used, the Court agrees with the R&R, which correctly analyzed Plasa's challenge to the application of GCT credits.

*Second Objection*. Plasa next objects to the R&R's failure to mention his request that, if he cannot get GCT credits applied to his sentence, he should receive the monetary value of that time. (Obj. at 3.) Plasa identifies no authority for this request, nor is the Court aware of any. Prisoners have no constitutional right to release prior to the expiration of their sentence, nor are they guaranteed GCT for good behavior while incarcerated. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *see Gurrola v. Perry*, C.A. No. V-13-006, 2013 WL 1222562, at *3

(S.D. Tex. Feb. 4, 2013) ("Because plaintiff has no constitutional right to earn good-time credits, he has no constitutional right to 'payment' for those credits."). Accordingly, the Court cannot grant Plasa a monetary award for his previously-earned GCT credits.

*Third Objection*. Plasa's third objection is that the R&R states that the First Step Act "alters" calculation of GCT credits rather than "clarifying" it. (Obj. at 3.) Again, the objection is semantic only. The R&R's analysis of the First Step Act's application to GCT credits is correct.

*Fourth Objection*. Plasa's next objection appears to be also semantic; likewise, it has no effect on the merits of the Petition. (Obj. at 3–4.)

*Fifth Objection*. Plasa also objects that the R&R failed to credit him for his previously earned GCT credits, and again asks that, if those days cannot be applied to his current sentence, he be awarded the monetary value of those days. (Obj. at 4.) As for the latter argument, the Court has already addressed it. The former is the only substantive issue Plasa raises.

The R&R correctly determined that, for purposes of GCT credits, Plasa's initial sentence and his revocation sentences are separate and distinct—GCT credits earned during the former do not carry over to the latter. *Kieffer v. Rios*, No. 19-CV-899 (PJS/SER), 2019 WL 3986260, at *1 (D. Minn. Aug. 23, 2019), *aff'd*, No. 19-2933, 2019 WL 8194484 (8th Cir. Oct. 2, 2019) (summary affirmance); *see Racine v. Fed. Bur. of Prisons*, No. 07-1834 (JBS), 2007 WL 1585154, at *5 (D.N.J. May 31, 2007) ("While supervised release is imposed as

3

part of the original sentence, any incarceration ensuing from the revocation of supervised release is generally based on new conduct and 'is wholly derived from a different source, and has different objectives altogether; it is therefore a different beast.'") (quoting *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005)). The R&R correctly applied this principle: Plasa cannot apply any earned GCT credits from his initial sentence to his current sentence.

*Sixth Objection*. Plasa clarifies that he is not seeking to "reach[] back to his original sentence" for the GCT credits he accumulated while serving that sentence because he believes that his original sentence does not end until he is released from his current term of incarceration.[2] (Obj. at 4.) As discussed above, his current sentence and his initial sentence are separate for purposes of GCT credits, his original sentence has ended, and his argument is therefore unavailing.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plasa's Objection (ECF No. 12) is OVERRULED;

2. The Report and Recommendation (ECF No. 11) is ACCEPTED; and

---

[2] Plasa again objects to the fact that the R&R did not address his request for a monetary award equal to the value of his earned GCT. (Obj. at 5.) For the reasons discussed above, this argument fails.

4

3. The Petition (ECF No. 1) is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 29, 2021

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge